# J. T. McCARTHY v. WILLIAM FAHEY AND ANOTHER.[1]

December 9, 1938.

No. 31,851.

*O. S. Vesta,* for appellant.

*George A. McKenzie* and *Everett L. Young,* for respondent.

JULIUS J. OLSON, JUSTICE.

Defendant Patrick Fahey alone appeals from a judgment rendered against him and his brother William.

This action was brought to recover upon an open and running account for merchandise alleged to have been sold and delivered by plaintiff to defendants William and Patrick Fahey, the account consisting of many items commencing with October 28, 1930, and extending to and including August 13, 1935. The account was kept in the usual fashion where the McCaskey slip system is employed. As a sale was made the individual who happened to get the goods was indicated at the top of the slip, but all slips going into an account were placed together and the balance carried forward as charges were made for goods sold and credits entered for payments made.

[1]Reported in 282 N. W. 657.

Defendants were the fee owners as remaindermen of a quarter section of farm land, occupied by them and their parents and several other children. The father, John Fahey, owned a life estate, defendants' ownership being subject thereto. The father was adjudged an incompetent because of excessive drinking of intoxicating liquors, and a guardian of his estate was appointed, but the guardian never qualified as in his opinion there was nothing in the way of an estate to administer. Instead, the same person so designated to be guardian of the father was named guardian of the estate of defendants, both of whom were minors when this account originated. The guardian proceeded to take general charge of their interests. As such he made applications to the probate court for license to mortgage the farm with which to pay taxes thereon, also to meet claims incurred by defendants in the operation of the farm enterprise. The income from the place was handled by the guardian. To defendants and to the guardian as well plaintiff furnished statements of the account from time to time. Several payments were made, some by defendants directly, others by and with the consent of the guardian. The account was opened by defendants at the time of the making of the first purchase, October 28, 1930. The guardian was not appointed until 1931. But he continued to act until each of the defendants arrived at full lawful age, when, upon separate petitions of each of them, he settled his account and paid to each whatever funds then remained in his hands as properly belonging to the ward so petitioning. No one questions the propriety or efficiency of the guardian's performance, nor of the regularity of the proceedings.

In addition to the findings thus generally made, the court also found that all the items of goods and merchandise so purchased consisted of items and articles necessary to the use of defendants in the operation of the farm and that they were so used and consumed by them in their farming operations. Neither defendant has during this entire period disaffirmed or repudiated plaintiff's claim, nor did the guardian. Instead, they all have, at least by implication, recognized the validity of the account as payments were made thereon from time to time.

The total amount unpaid, after allowing proper credits, was, at the time this action was tried, $449.08. In that sum with interest the court directed judgment for plaintiff. The case was tried before the court without a jury. Upon the findings so made judgment was entered. As already has been noted, only one defendant appeals.

We think the only question here is whether the facts found by the court find support in the record. A thorough examination thereof leads to the same conclusion as that reached by the court.

The most that can be said for appellant is that there was some evidence in conflict with that presented by plaintiff. But, the trier of facts having found against him, he is concluded thereby. We are not permitted to try such issues. Our only concern is to determine whether as a matter of law the facts found are sustained by the evidence. This court "interferes with the findings of the trial court only where the evidence, taken as a whole, furnishes no substantial support for them." 1 Dunnell, Minn. Dig. (2 ed. & Supps.) § 411, and cases under note 18.

While there are other assignments of error urged, we refrain from discussing them, as examination of the record discloses nothing indicating reversible error.

Judgment affirmed.